## McGuire v. Bosworth et al.

Where one, not a party to a promissory note, puts his name on its back, it will be presumed that he intended to bind himself as a surety for its payment.

APPEAL from the District Court of Carroll, *Curry*, J. The judgment of the court was pronounced by

Eustis, C. J. In this case there was judgment for the plaintiff against *Bosworth*, and for his co-defendants against the plaintiff. The plaintiff has appealed. *Davis* and *Benton* wrote their names on the back of the instrument sued on. It is a promise of *F. Bosworth* to pay to the plaintiff, or order, the sum of $1458 74, in twelve months from date, with interest at ten per cent per annum until paid, with a privilege of the maker to renew the obligation for twelve months from its maturity. It is not endorsed by the plaintiff. The defence is that, the defendants were surprised into the endorsement which they made by the acts of the plaintiff, which induced them to believe that the payee would have endorsed it over to them, and they thus preserve their recourse against him. The evidence is far from being satisfactory to us. We are bound to receive with caution the *understandings* of parties, as they are termed, when supported by the testimony of a single witness, and directly at variance with what may be considered as a reasonable probability.

The witness, *Eli Harris*, says: " He was present when the note sued on was executed; says the plaintiff and the defendants, *Bosworth*, *Davis* and *Benton*, were present at the same time.' It was distinctly understood between the parties that *Benton* and *Davis* put their names on the note as endorsers; that all they were asked to do by *Bosworth* was, to endorse for him; that there was a conversation between the parties, and that he understood from the parties that the note was given for a debt, which, by said *Bosworth*, was due to *H. Pargoud*, and in settlement of said debt. That he, witness, understood that the plaintiff was settling the matter with *Bosworth*, as attorney at law for *H. Pargoud*."

If the understanding of these parties have effect as testified to, it would make *McGuire*, an attorney collecting money for his client, endorse the note of the debtor, and procure the subsequent endorsement of the appellants—and for whose benefit? that of his own client. And the defendants were surprised, they allege, that such a state of things was not brought about, which makes him the surety of *Bosworth* and for the advantage of *Pargoud*, to whom *it was understood* the debt on which the note was given was due. There must be a great mistake in respect to this matter.

Assuming that the obligation was a promissory note, as contended by the counsel for the defendants, but to which we cannot assent without further inquiry, we consider that it is settled by the uniform jurisprudence of this State that, when a person, not a party to a note, puts his name on the back of it, he is presumed to bind himself as surety. In this case, so far from their being anything to weaken this presumption, the evidence adduced rather fortifies it in our minds.

The judgment appealed from is therefore reversed, and judgment is rendered

in favor of the plaintiff for the sum of $1458 74, with interest at ten per cent per annum until paid, from January 1st, 1842, against ·*Thomas V. Davis*, and *Warren M. Benton*, *in solido*, with costs in both courts.

*McGuire*, appellant, *pro se*.   *Browder, Stacy* and *Sparrow*, for the defendants.