### Drew v. Robertson.

One who endorses a note to which he was not a party, is presumed to bind himself as surety.

APPEAL from the Fifth District Court of New Orleans, *Buchanan,* J. *J. Dunlap,* for the appellant. *Benjamin* and *Micou,* for the defendant. The judgment of the court was pronounced by

King, J. This suit is instituted to recover the amount of two promissory notes, drawn by *Felix Bosworth,* payable to the order of the defendant, and endorsed by the latter. Upon each the name of the plaintiff appears as second endorser. The plaintiff alleges that he endorsed the notes at the request of the defendant, as the guarantor of the latter, for the purpose of facilitating their negotiation, and that he has since been compelled to pay them. The defence set up is, that the plaintiff gave the notes to the defendant in payment of a debt, and endorsed them as a guarantor of the maker. There was a judgment in the court below in favor of the defendant, and the plaintiff has appealed.

It appears from the evidence, that the plaintiff purchased a quantity of merchandise from the defendant, for which he stipulated to give to the latter in payment notes and other demands against third persons. In pursuance of this agreement he caused two notes to be executed by *Felix Bosworth,* who was his debtor, payable to the order of the defendant, and delivered them to the latter. Whether or not they bore the endorsements of the plaintiff at the time of their delivery, does not appear. The defendant, however, subsequently gave them in payment to *Turner & Woodruff,* and at that time the name of the plaintiff figured on the back of each, as second endorser.

The plaintiff does not pretend that he intended to incur the liability of a second endorser, and it is clear from the evidence and the nature of the transac-

tion, that such was not his intention. It devolved upon him then to show that the intention of the parties and character of the endorsement were those alleged in his petition, otherwise he is presumed, by the settled jurisprudence of the State, to have bound himself as surety. No such proof has been made. 1 Ann. Rep. 249, 274. This legal presumption is strengthened, in the present instance, by the fact that the notes were given in payment of a debt due by the plaintiff to the defendant, and that while they were in the possession of the latter, they bore the endorsement of the plaintiff.