## HITE et al. *v.* VAUGHT.

The institution of an action, and recovery of judgment, against one of two drawers of a joint and several bill interrupts prescription as to the other; but it will commence to run again as to the latter from the time of such interruption. *Per Curiam :* We cannot regard the effect of the judgment against one co-debtor *in solido* as extending to the other, so as to change the title of the creditor and clothe the debt with a new character as to the latter; on the contrary, he will remain a mere debtor on a bill, notwithstanding the merger into judgment of the liability of his co-debtor. C. C. 2092, 3505, 3517.

APPEAL from the District Court of Jefferson, *Clarke,* J. *Mott,* for the appellants. *Brewer* and *Hiestund,* for the defendant, cited *Jacobs* v. *Williams,* 12 Rob. 183. *Carraby* v. *Navarre,* 3 La. 362. *Segond* v. *Landry,* 1 Rob. 335. Troplong, Préscrip. no. 45. Duranton, Préscrip. no. 117. The judgment of the court was pronounced by

SLIDELL, J. The defendant is sued upon a bill of exchange, drawn at Louisville, by the firm of *C. M. & W. Vaught,* upon *W. Vaught,* dated 8th May, 1838, and payable at ninety days. The defence is prescription; and, in the consideration of this plea, we are to treat the defendant as a solidary debtor with *C. M. Vaught,* it being proved that *W. Vaught* was a member of the firm of *C. M. & W. Vaught,* by whom the bill was drawn.

The present suit was not brought until March, 1847, and, the contract being subject to the prescription of five years, it is clear that the defendant has been liberated by lapse of time, unless in some way prescription has been interrupt-ed, or otherwise impaired. To defeat the plea the plaintiffs rely upon the transcript of the record of a suit brought in Kentucky against *C. M. Vaught,* in 1839. He confessed judgment on the 29th May of that year, and the last

proceeding in that cause was the issuing of a *fieri facias*, in June, 1839, and its return of *nulla bona* in August following.

It is obvious that these proceedings against one of the solidary debtors interrupted prescription as to the co-creditor, *W. Vaught.* But the prescription thus interrupted began to run again in 1839, and since that time five years intervened before the institution of this suit, and prescription was thus fully acquired. We cannot regard the effect of the judgment against *C. M. Vaught* as extending to *W. Vaught,* so as to clothe the indebtedness of the the latter with a new character, and subject it to the prescription applicable to judgment debtors. The title of the creditor, as against *W. Vaught,* was not changed by the rendition of a judgment against the co-debtor *in solido;* on the contrary, he still remained, as he originally contracted, a mere debtor upon a bill of exchange, notwithstanding the merger into judgment of *C. M. Vaught's* liability. See Civil Code, arts. 3505, 2092, 3517. Troplong on Préscription, §630.

*Judgment affirmed.*