No. 3863

Second Circuit

(Second Division)

## ADAMS v. CITIZENS' BANK

(July 16, 1931. Opinion and Decree.)

Henry W. Bethard, Jr., of Coushatta, attorney for plaintiff, appellee.

Breazeale & Hughes, of Natchitoches, attorneys for defendant, appellant.

STEPHENS, J. The plaintiff alleges that on the 27th day of March, 1922, the Citizens' Bank of Campti instituted a suit in the Tenth judicial district court in and for the parish of Natchitoches, against him, W. J. Walker, and the estate of C. L. Mabin, on a promissory note for the sum of $550; said suit being numbered 16941 on the docket of said court. He further alleges that on the 27th day of May, 1922, the Citizens' Bank of Campti obtained judgment in said suit against him and his co-defendants, in solido, for the full amount of his claim and costs, and that said judgment was immediately thereafter recorded in the mortgage records for the parish of Natchitoches.

The plaintiff further alleged that he is not bound by the judgment rendered in

said cause, as it is an absolute nullity, and without effect either in fact or in law, for the reason that he was never legally cited in said suit as tne law directs.

He prays that the judgment be decreed a nullity and ordered canceled from the mortgage records of the parish.

The defendant filed an answer denying the invalidity of the judgment sought to be annulled, and in the alternative, in reconvention, prayed that it have judgment for the full amount of the note sued on, less certain credits of amounts collected on the judgment from the estate of C. L. Mabin.

The plaintiff filed pleas of prescription of one, three, and five years in bar of defendant's reconventional demand.

A trial of the case resulted in a judgment in favor of plaintiff, decreeing the nullity of the judgment and ordering its cancellation from the mortgage records as prayed for, and further sustaining the plea of prescription of five years. The defendant appeals.

The case was submitted to the trial court on the following agreed state of facts:

"1. It is admitted that B. F. Adams, plaintiff, signed the note sued on in cause No. 16,941, and that judgment was rendered thereon against him and his co-makers on May 27, 1922, which judgment was immediately filed for record and recorded in the office of the Recorder of Mortgages in and for the parish of Natchitoches, in Book—— page —— of the official mortgage records of the Parish of Red River.

"2. That the note sued on was an in solido obligation, and was for the sum of $550 with eight per cent per annum interest from July 10, 1921, and ten per cent attorney's fees; that prescription ordinarily commenced to run on said note from its maturity date, July 10, 1921. The matter of the interruption of prescription being

submitted to the court as one of the issues of the case.

"3. That the judgment originally obtained in said cause No. 16,941, was for the principal sum of the note with interest and attorney's fees and costs, and that after the same was obtained a credit of $325.88 was realized and applied thereon on May 23, 1924 by judicial proceedings directed against the Estate of C. L. Mabin, and through the sale of the property belonging to said succession.

"4. That the only service made on B. F. Adams in said cause No. 16,941 was made by J. A. Holman, a resident deputy sheriff and constable of Natchitoches parish, Louisiana, who went beyond the Parish of Natchitoches and into the Parish of Red River and made said service at Coushatta, in said Parish of Red River.

"5. That suit No. 16,941 was instituted in Natchitoches Parish in March, 1922."

"7. It is admitted that the balance due on the judgment, being the amount of the note less the credit set forth in Article 3 hereof, is not paid."

We have eliminated from the statement of facts those articles which relate to the residence or domicile of the plaintiff at the time of the service of the citation, which was the foundation of the suit resulting in the default judgment sought to be annulled, for the reason that it is conceded by counsel for defendant in his brief that a legal service cannot be made by a sheriff beyond the territorial confines of his own parish. In the proceedings here attacked, the deputy sheriff of Natchitoches parish served the citation and a copy of the petition on B. F. Adams in the parish of Red River. It is immaterial whether Adams was a resident of Red River or Natchitoches parish, as in either case the service of citation was illegal.

Clearly, the judgment rendered against Adams, plaintiff herein, founded on a citation thus illegally served, should be annulled and canceled from the mortgage records.

We find the sole question in the case to be: Has the plaintiff been released from his obligation on the note by the prescription of five years?

While counsel for the defendant concedes the illegality of the service of citation, he is by no means in accord with the counsel for the plaintiff upon the effect of that service as it relates to the interruption of prescription. Defendant's contention is that prescription was interrupted by the service of citation as made, and that, however irregular or illegal the citation was, the interruption continued until it was judicially determined to be illegal, null, and void. In support of its contention, the defendant cites article 3518 of the Civil Code, Christopher Satterley v. Morgan, 33 La. Ann. 846, and Babin v. Lyons Lumber Co., 132 La. 873, 61 So. 855.

The plaintiff contends that the citations which were the subject of the litigation in the cases cited by the defendant were merely defective, but that the citation which we have under consideration here is an absolute nullity; that a defective citation does interrupt prescription, but, if the citation be an absolute nullity, it can have no legal effect.

We think the plaintiff is correct in this contention. A distinction has been clearly drawn by the Supreme Court between the effectiveness of a citation as a basis for judgment and for the purpose of interrupting prescription. Mr. Justice Provosty directed attention to this distinction in the case of Schwartz v. Lake, 109 La. 1081, 34 So. 96. He said:

"Counsel for plaintiff argues, however, and correctly, that this court has made a distinction between citation for the purpose of serving as a basis for judgment, and citation for the purpose of interrupting prescription, emancipating the latter from the strict compliance with requirements of article 179, Code Practice, exacted in the case of the former. But this court has never held, and could not hold, that prescription can be interrupted by the service of a document such as the one here in question."

In that case the citation was properly served, but was not signed by the clerk. The court exhaustively reviewed the jurisprudence, and concluded that, if a citation was merely irregular or defective in some slight particulars, it would serve to interrupt prescription; but that, if it was insufficient to convey the mandate of the court to the defendant, it could serve no such purpose. A citation not signed by the clerk was held to be insufficient service as the basis for the interruption of prescription, and with reference thereto, it is stated in the opinion:

"Unless a defendant can be cited without a citation, we do not see how it can be contended that the defendant in this case was cited. This unsigned paper was certainly not a citation, and the copy of the petition was not a citation, and the two together were not a citation. A citation is an order from the court to the defendant to appear and answer, and this order can emanate only from the clerk, and only under his signature. It is the clerk's signature that imparts legal life to the document called a 'citation.' Without the clerk's signature, the document is nothing more than mere writing or print."

The citation in the case at bar is as incapable of producing legal effect as the citation in question in Schwartz v. Lake. Service of citation must proceed through legal channels in order that the mandate of the court move directly to the defendant. It is not sufficient for the purpose of interrupting prescription that the suit be filed and knowledge thereof conveyed to the defendant. It cannot reasonably be contended that service of citation by a pri-

vate citizen would interrupt prescription; nor could it be contended more convincingly, that citation served by a deputy sheriff beyond the territorial limits of the parish in which he officiates would have greater legal efficacy than service by a private citizen. A deputy sheriff of Natchitoches parish, with respect to his power and authority to serve citation in Red River parish, is a private citizen. No legal effect would result from service of citation by a private citizen; likewise none would flow from service of citation by a deputy sheriff with no greater authority than a private citizen.

There was no citation of plaintiff in the former suit. Therefore there was no interruption of prescription resulting from the provisions of article 3518 of the Civil Code.

The defendant relies primarily upon the case of Babin v. Lyons Lumber Company, supra. The decision in that case is not in conflict with the decision in Schwartz v. Lake, but in our opinion is consistent with it. The syllabus in the former case, written by the court, reads as follows:

"For ordinary purposes of a suit and judgment a citation or judicial demand addressed to a person other than the one intended to be sued, though delivered to the latter, is ineffectual; but, where such demand has been served upon the right person and conveys full information, a slight error in the designation or description of the person intended to be sued, which could mislead no one, will not prevent its interrupting the prescription of the claim so demanded."

The decision in Schwartz v. Lake has not been overruled, either directly or impliedly, and the reasons therein assigned for judgment we think should govern the disposition of the question here presented.

The prescription was, however, interrupt-

ed as to the plaintiff, B. F. Adams, by the prosecution of the suit against his co-debtors, in solido; but it began to run anew from the date of the judgment in that proceeding. Richard v. Butman, 14 La. Ann. 144.

The judgment sought to be annulled was rendered May 27, 1922. Prescription was again interrupted as against plaintiff, B. F. Adams, by the filing of the reconventional demand in this case on December 7, 1929. But as five-year prescription had accrued more than two years prior to the latter interruption, it was properly sustained by the district court.

It is therefore ordered, adjudged, and decreed that the judgment appealed from be affirmed.