No. 3658

Second Circuit

MONROE AUTOMOBILE & SUPPLY CO. v. OAKLEY ET AL.

(January 14, 1932.  Opinion and Decree.)

P. E. Brown, of Arcadia, attorney for plaintiff, appellant.

Bertram F. Barnett and Ira J. McConathy, of Arcadia, attorneys for defendants, appellees.

STEPHENS, J.  The plaintiff brings this suit against P. M. Oakley, the Rogers Service Station, a partnership, and the individual members of the partnership, D. A.

Woodard and G. A. Rogers, to recover $135.36, the balance alleged to be due for merchandise sold by plaintiff to P. M. Oakley.

It is alleged that, the defendant P. M. Oakley sold his stock of goods, wares, and merchandise in bulk and out of the ordinary course of business without complying with Act No. 270 of 1926, known as the "Bulk Sales Law." Rogers Service Station is sought to be held liable as the purchaser of said stock of goods.

The individual members of the partnership filed an exception of no cause or right of action, and the partnership a plea of prescription of one year. Both the exception and the plea were sustained and the suit dismissed except as against Oakley. The plaintiff prosecutes this appeal.

This suit is a companion of the case of Kelly Springfield Tire Co. v. P. M. Oakley et al., 18 La. App. 495, 138 So. 673, this day decided.

The only distinction between the two cases as to the issues involved is that this case presents the additional question of the interruption of prescription by citation.

In the Kelly Springfield Tire Co. case the suit was instituted admittedly more than one year after the unlawful sale. In the instant case suit was instituted within the prescriptive period, but against the Arcadia Motor Company, Inc., as the purchaser of the goods in bulk, instead of the Rogers Service Station. After the prescriptive period had elapsed, the Rogers Service Station was substituted as a party defendant by supplemental petition. D. A. Woodard is connected with both the Arcadia Motor Compay and the Rogers Service Station. He is the president of the former and a partner in the latter. This fact is relied on by the plaintiff as a basis for its contention that the service of citation on the Arcadia Motor Company interrupted prescription as against the Rogers Service Station.

In Adams v. Citizens' Bank, 17 La. App. 422, 136 So. 107, 109, this court, basing its decision on the case of Schwartz v. Lake, 109 La. 1081, 34 So. 96, in which the question of the distinction between the effectiveness of citation as a basis for judgment and for the purpose of interrupting prescription was exhaustively discussed, used the following language:

"It is not sufficient for the purpose of interrupting prescription that the suit be filed and knowledge thereof conveyed to the defendant."

It was further held in Adams v. Citizens' Bank that a citation which was an absolute nullity could produce no legal effect. The citation in this case, addressed to and served on the Arcadia Motor Company, Inc., was an absolute nullity, and could produce no legal effect against the partnership, the Rogers Service Station.

On motion for a new trial of the plea of prescription, the plaintiff urged that it had newly discovered and should be permitted to show that the Rogers Service Station is a subsidiary organization of the Arcadia Motor Company, Incorporated. We are of the opinion that the trial judge correctly refused to grant a new trial for the purpose of adducing such evidence, as it is immaterial.

The institution of a suit against, and the service of citation on, a parent corporation can have no legal effect on a subsidiary partnership, if any such legal relationship be possible.

For the reasons stated in the opinion filed in Kelly Springfield Tire Co. v. P. M. Oakley et al., and the reasons here assigned, the judgment appealed from is affirmed.