# FIFTH DISTRICT FINANCE CO., Inc., v. HARVEY et al.

### No. 17170.

Court of Appeal of Louisiana. Orleans.

June 12, 1939.

Carl A. Conrad, of New Orleans, for appellant.

Charles A. Danna, of New Orleans, for appellees.

JANVIER, Judge.

This is an appeal by a holder of a promissory note from a judgment dismissing a suit against the maker of the note on a plea of prescription of five years.

The note sued on, bearing the name Albert C. Harvey as maker, is dated December 8, 1930, and is payable in installments. It is stipulated therein that failure to pay one of the installments when due shall cause all remaining installments to mature. Plaintiff alleges that the installment due on January 8, 1931, was not paid and that, therefore, the entire unpaid balance became due on that day. It is also alleged that the note is endorsed by William Henry Harvey and by Charles Sansovich and that they, together with the maker, are solidarily liable for the full amount of the unpaid balance, $127.-50, together with interest at 3½ per cent. per month and for attorney's fees, as provided in the said note.

The suit was filed in the Second City Court in the City of New Orleans on January 28, 1932, and citation of all three defendants was prayed for. William Henry Harvey was served with said citation on February 2, 1932, but the two other defendants were not cited until many years later. William Henry Harvey filed no appearance and, accordingly, on February 12, 1932, judgment was rendered against him as prayed for.

As a result of that judgment a writ of fieri facias was issued, certain chattels were seized and sold for $11 which was not sufficient to pay the costs of execution. More than five years after that judgment had become final plaintiff, for the first time, attempted to cite the two other defendants, Albert C. Harvey, the maker, and Charles Sansovich, the second endorser. On June 5, 1937, citation was made on Albert C. Harvey. Sansovich, the other defendant, was cited on June 10, 1937.

We are not in any way concerned with the matter as it affects Sansovich.

On June 15, 1937, Albert C. Harvey, with whom alone we are now concerned, filed

this plea of prescription of five years, basing it on Art. 3540 of the Civil Code, which provides that "action [s] * * * on all promissory notes * * * are prescribed by five years, reckoning from the day when the engagements were payable." This plea, as we have said, was maintained, and the suit as to Albert C. Harvey was dismissed in the court below.

Plaintiff, of course, concedes that, since the note, by the acceleration clause, was made to mature on January 8, 1931, more than five years elapsed between that time and the day on which Albert C. Harvey was served with citation. But plaintiff maintains that the running of prescription was interrupted in two ways—first because of a payment on account, which, it is contended, the said Albert C. Harvey made in cash on November 10, 1932, and, second, because as a matter of law—so plaintiff asserts—there has been a continuous interruption since the service of citation on William Henry Harvey on February 2, 1932. Albert C. Harvey denies that any payment was made by him, or, in fact, by anyone else, on November 10, 1932, and he maintains that, though the service of citation on William Henry Harvey on February 2, 1932, interrupted prescription, that interruption continued only until the judgment against the said cited defendant became final and that, since more than five years elapsed between that day and June 5, 1937, there has been a new accrual of the prescription of five years.

■ Let us first examine the question of fact. Did Albert C. Harvey, on November 10, 1932, make a payment of $11 on account? Of course, if he did, there was a complete interruption of prescription and the plea could not be sustained unless more than five years elapsed between the day on which that payment was made and the day on which Albert C. Harvey was served with citation, for a payment on account constitutes an admission of the debt and, after such admission, prescription does not accrue until the entire prescriptive period again elapses.

■ The court a qua found that no such payment had been made and, therefore, on this question of fact there can be no reversal unless the evidence shows manifest error.

■ Two witnesses assert on behalf of plaintiff that that payment was made. It is very strange indeed that the amount of the payment alleged to have been made is exactly $11 and that the time at which it is said to have been made corresponds closely with the time at which the sale of the furniture produced the purchase price of $11. It would seem that there is a grave possibility that the $11 which plaintiff claims was paid by Albert C. Harvey in cash was, in fact, the $11 which resulted from the sale of the furniture of William H. Harvey. If plaintiff received $11 from Albert C. Harvey in cash, it is strange indeed that it did not enter it on its own books as a payment on account of the note and that it did not enter it on the receipt card on which it had entered the earlier payments. It is true that the explanation given for failing to make these entries is that, since suit had been filed on the note, the entry was made as a payment on account of court costs. We find it singular that the $11 which resulted from the sale is, according to plaintiff, not shown at all on its books, although there appears the entry of a receipt of $11 shown as the return of court costs. If plaintiff received $11 from the constable's office, it is quite evident that it would have made some entry on its books to show that it had been received in some way in connection with the court proceeding, and we find it difficult to escape the conviction that the $11 shown on its books did come from the court proceeding.

Counsel argues that, since the $11 which the constable's account shows was the result of the sale was not sufficient to pay the costs, the constable would not have remitted the $11, but would have applied it against the costs. Possibly this is true. But, looking at the evidence as a whole, we feel that it falls far short of showing that the finding of the court below was obviously erroneous. We are thus unable to hold that a payment was made on November 10, 1932, and we therefore approve the finding that there was no interruption of prescription based on such alleged payment.

■ The question of law involved in the asserted interruption of prescription based on the citation on William Henry Harvey on February 2, 1932, is interesting. There can be no doubt—and, in fact, it is conceded—that where prescription is interrupted as to one of several solidary obligors, it is interrupted as to all.

■ In American Heating & Plumbing Company v. West End Country Club,

171 La. 482, 131 So. 466, 470, the Supreme Court, following a well established doctrine, said: "A suit brought against one of the debtors in solido interrupts prescription with regard to all, and a citation served upon one debtor in solido interrupts the prescription with regard to all the others and even their heirs. Civ.Code, arts. 2097 and 3552."

At that time citation was required to interrupt prescription and the mere filing of the suit did not accomplish that result, for Civil Code, Art. 3518, controlled and not Act No. 39 of 1932, which, when this suit was filed, had not yet been enacted. As a result of that well established jurisprudence, the prescription, insofar as all defendants were concerned, was interrupted by the citation on William Henry Harvey, but it was interrupted only by that citation and not by the filing of the suit as against the other two defendants who were not cited.

It is well settled that, where there is what we may call a vicarious interruption by a citation against another solidary obligor, that interruption continues only so long as the suit against the other remains pending. As soon as that suit is terminated, then the interruption which was produced by the citation ought also to terminate, so that a new prescriptive period may begin to run commencing with the termination of the earlier suit insofar as it involved the cited defendant. This was the view of the Court of Appeal of the Second Circuit in Adams v. Citizens' Bank, 17 La.App. 422, 136 So. 107.

There the plaintiff, B. F. Adams, sought to have declared null a judgment rendered against him under the following circumstances: The Citizens' Bank of Campti sought judgment in the Parish of Natchitoches against three solidary obligors—B. F. Adams, W. J. Walker and the Estate of C. L. Mabin. Adams, while in the Parish of Red River, was cited by a deputy sheriff of the Parish of Natchitoches, who had gone into the Parish of Red River to serve the citation on Adams. The two other defendants were properly cited and later judgment was rendered against them and also against Adams. When Adams filed the suit to annul the judgment against him, the Bank, by reconventional demand, prayed for a new judgment against Adams and, though more than five years had elapsed, contended that prescription had not accrued because of the interruption which had resulted from the citation on the two other defendants. The Court of Appeal held that, though the service of citation on the other two defendants had the effect of interrupting prescription as to Adams, although the citation against Adams himself was an absolute nullity, still that interruption terminated with the judgment against the two other defendants, and the court held that, when that interruption terminated, prescription "began to run anew from the date of the judgment in that proceeding."

The same result had been reached by the Supreme Court many years earlier in Richard v. Butman, 14 La.Ann. 144, the only difference being that, in the Richard case, the solidary obligors had been sued separately. In other words, the first suit had been brought against only one of the solidary obligors and judgment had been obtained against that obligor. Later suit against the other was filed and it was contended that the citation in the suit against the first had interrupted prescription and the Supreme Court held that this was true, but that, when the earlier suit terminated by judgment, prescription began to run anew and that there had accrued a new prescription which prevented the bringing of the second suit against the other solidary obligor. We quote the following from the Richard case:

"The suit against Wintercast interrupted prescription as to the defendant, for the reason, that the former was the surety of the latter, and bound with him in solido for the payment of the draft. McCausland v. Lyons, 4 La.Ann. 273; McGuire v. Bosworth et al., 1 La.Ann. 248; Drew v. Robertson, 2 La.Ann. 592; C.C. 2086, 3004, 3517, 3518.

"Prescription, however, commenced running again in favor of the defendant, at least, from the date of the judgment against Wintercast, and more than five years had elapsed from that date, before the commencement of this suit, in which the defendant was cited, on the 3d day of May, 1858. Millaudon v. Beazley, 2 La.Ann. 916; Hite v. Vaught, 2 La.Ann. 970; Dwight v. Brashear, 5 La.Ann. 551.

"The plaintiff's action is, therefore, prescribed, unless he can show some other interruption, than the suit against Wintercast. C.C. 3505."

We cannot see that any distinction may be based on the fact that the earlier suit is against only one of the solidary ob-

ligors. The interruption in the case at bar resulted, as we have said, from the citation on William Henry Harvey and not from the mere filing of the suit. The effect of that citation continued only until the suit as against the cited defendant terminated.

The situation might be entirely different had the suit been filed after the enactment of Act No. 39 of 1932, for that statute provides that interruption results from the mere filing of the suit. But had that statute been in effect, the interruption would not have resulted solely from the citation on the other solidary obligor, but would have been the interruption resulting from the filing of the suit against Albert C. Harvey himself.

But we need not speculate on what might be the legal result had that statute been in effect. The law at the time provided for no interruption except by citation. The effect of that citation had terminated and more than five years had run anew. Prescription had accrued. The judgment based on the accrual of that prescription is correct.

It is therefore ordered, adjudged and decreed that the judgment appealed from be and it is affirmed at the cost of appellant.

Affirmed.