20 So.2d 17

**JORDAN v. SMITH et al.**

No. 37285.

July 14, 1944.

Rehearing Denied Nov. 6, 1944.

Dickson & Denny, of Shreveport, for plaintiff and appellant.

O. W. & B. D. Bullock, of Shreveport, for defendants and appellees.

FOURNET, Justice.

J. Homer Jordan, the holder of a $3,000 note executed by Mrs. Mary F. Smith on October 18, 1921, and secured by a mortgage, is appealing from a judgment maintaining the plea of prescription filed by the defendants and dismissing his suit against the heirs of Mrs. Smith to recover the amount of the note.

The note in question was acquired by the plaintiff during the lifetime of the maker, who died on April 3, 1933, and, according to its tenor, it was due one year after the date of its execution and was conditioned to bear interest at the rate of 8% per annum from December 9, 1921. This interest, it would appear from the endorsements on the back of the note, was paid up until August 18, 1941, and carries the notation: "The indebtedness as shown by the within note is hereby acknowledged this 4/12/33 Jos. B. Smith, Agt & attorney in fact." Jos. B. Smith, the son of the maker, died in 1942 and both his and his mother's successions were opened and accepted unconditionally by their heirs and legatees. This suit was instituted against these heirs and legatees on January 29, 1943, almost ten years after the death of the maker.

It is the contention of the defendants that the power of attorney granted Jos. B. Smith, under which he sought to acknowledge this debt, expired with the death of his mother, rendering such acknowledgment null, void, and without effect; further, that they had neither authorized the payment of the interest on the note by him nor had otherwise acknowledged the debt or ratified his acts; consequently, that the obligation was prescribed as to them.

■ Having accepted these successions unconditionally, the defendants thereby jointly obligated themselves to pay all of the debts of these successions to the extent of their virile share. Articles 1013, 1425, 1427 of the Revised Civil Code; Truxillo v. Truxillo, 11 La.Ann. 412; Crouch v. Richardson, 158 La. 822, 104 So. 728; Lawrence v. Lawrence, 172 La. 587, 134 So. 753.

■ The acknowledgment of a debt by one joint debtor does not interrupt prescription as to his co-debtors. Article 3552 of the Revised Civil Code; Buard v. Lemee, 12 Rob. 243; Reynolds v. Rowley, 2 La.Ann. 890. It is also well settled that the burden of proving acknowledgment of the maker or the interruption of prescription where the note has prescribed on its face rests on the party making such assertion. Union National Bank v. Evans, 43 La.Ann. 372, 9 So. 44; Waterman v. Dupeire, 180 La. 320, 156 So. 405; and Stovall v. Tolar, La.App., 172 So. 539.

■ But counsel for plaintiff contend that the defendants, having allowed their co-heir, Joseph B. Smith, to continue the management of his mother's estate after her death, as he had done under a power of attorney during her lifetime, thus lulled

him into a sense of security and should not be permitted to now escape their liability by pleading prescription.

First, it should be pointed out that the plaintiff did not plead estoppel and his pleadings in this respect cannot be supplemented by us. In addition, the uncontradicted evidence in the record shows that the defendants had no knowledge whatsoever of the existence of the note in controversy until the successions of Joseph B. Smith and his mother were opened and, also, that they had no knowledge of the payment of the interest on the note by the son. They have all refused to ratify the son's acts. No doctrine seems to be quite so well settled as that before one can be held to have impliedly ratified the unauthorized acts of his agent it must be shown that the principal actually had knowledge of the material and pertinent facts. Noble v. Plout, 154 La. 429, 97 So. 599; Blythe v. Hall, 169 La. 1120, 126 So. 679; 2 Am.Jur. 179, Section 224; 2 C.J. 480, Section 97; 2 C.J.S., Agency, § 42.

We think, however, the trial judge erred in dismissing the plaintiff's suit in toto, for the evidence unmistakably shows that Joseph B. Smith interrupted the prescription accruing against his portion of this obligation by his specific acknowledgment and by his payment of the interest thereon as it became due; consequently, he is liable for his virile share thereof and the defendants, having accepted his succession, are liable in the proportion of the respective interests each received from his estate.

For the reasons assigned, the judgment of the lower court dismissing the plaintiff's suit is annulled and set aside and the case is remanded to the lower court in order that the amount due by each of the defendants may be ascertained and a judgment there rendered against them in accordance with the views herein expressed; all costs to be borne by the defendants.