LOTTINGER, Judge.
On July 15, 1941, Standard Machine Company, Inc., doing business as McCarrol Lumber Company, obtained a judgment on confirmation of default on an open account in the amount of $1,004.15 against the Melaneon-Bourgeois Lumber Company, a partnership, and the individual members comprising same, Bertrand Melancon and Camille Bourgeois. Within ten years from the date of judgment, plaintiff filed a petition seeking to revive the original judgment rendered on July 15, 1941. The petition for revival was met with an exception of no right or cause of action based on the proposition that the original judgment sought to be revived was an absolute nullity for the reason that it was rendered on July 15, 1941, during the vacation period of the Court of the Twenty-third Judicial District.
The lower court took judicial notice of the fact that its rules designate the months of July and August as its vacation period and provide “that no court will be held in any parish during the months of July and August”. The exceptions were sustained on the ground that the judgment sought to be revived having been rendered in vacation period was null and void and hence not susceptible to being revived. From this judgment the plaintiff has appealed to this court.
Our Supreme Court has held on several occasions that judgments rendered in vacation period are null and void. See Culver, Simonds & Co. v. Leovy, 21 La.Ann. 306 and Hernandez v. James, 23 La.Ann. 483. In the latter case judgment was rendered against the surety on an appeal bond and his property seized. He obtained an injunction to prevent the sale of his property on the ground that the judgment having *239 been rendered in vacation time was null and void. The court held that even though the judgment was rendered in open court and signed by the judge while on the bench that it was nevertheless, null and void because of the fact that it was rendered out of term time. To the same effect is the holding of the Supreme Court in the case of Teacle v. Hughes, Sheriff, 146 La. 195, 83 So. 457, “Except by consent a case cannot be tried out of term time”.
Counsel for appellant seems to derive much comfort from the expressions contained in the recent case of Woulfe v. Morrison, 212 La. 1032, 34 So.2d 251, 254, and argues that there is not only a right 'but a duty as well on the part of our courts to try cases of importance during vacation period. A reading of the Woulfe case, however, shows that the court was there concerned with a suit which sought judgment declaring an election authorizing the issuance of bonds to be null and an injunction prohibiting the sale of said bonds. The Supreme Court held that the relief sought was injunctive and therefore governed by the injunction statute (then Act No. 29 of 1924 now LSA-R.S. 13:4062 et seq.) which specifically provided in Section 5 thereof that any hearing under the act “may be had in chambers or at term time”. The court went even further and held that it was such a procedure that must under the rule of the lower court be tried during vacation under our existing laws. The difference between the situations presented in the Woulfe case and the instant case are obvious.
Counsel for appellant contends further that in the instant case the judge of the lower court had no doubt extended his term so as to take care of considerable business which remained on the docket. According to the judicial notice taken by the trial judge as to the term of court in this district, however, there is nothing to indicate that the terms of court were changed in any way. Indeed, quite the contrary appears from his written reasons for judgment and we will not speculate as to the reason that court was held on this particular day during vacation.
Counsel for appellant urges the additional contention that “Several divorces were rendered after the 4th week of June and before the Judge actually went into vacation, and it would be appalling to declare all of the children born of a marriage subsequently contracted on the strength of the divorce to be bastards”. We note first that counsel does not state that these divorces were rendered in July of that year, but only “after the 4th week of June”. An examination of the calendar reveals that in the year 1941 the 30th of June fell on a Monday, which was after the fourth week of the month but yet a day on which said divorces and other business could have been handled. Furthermore, we are not here presented with any question as to these divorces as this case does not concern them nor does the record itself reveal their existence.
Appellant contends also that under C.P. Articles 605 and 606 the rendition of judgment in vacation time is not a cause for declaring the nullity of same and further that the question of nullity cannot, under the Code of Practice, be raised by means of an exception of no right or cause of action, filed in a suit to revive the judgment. We note that C.P. Article 606 provides in part as follows:
“The vices of form for which a judgment can be annulled are the following:
4. * * * or ha(j no^ a regular judgment by default taken against him.”
In view of the cases cited above it seems clear that our Supreme Court has emphatically laid down the rule that judgments rendered in vacation time are null and void and hence this certainly is a case where under C.P. Article 606 the defendant has “had not a regular judgment by default taken against him.”
There only remains the question of whether the nullity can be raised by means of an exception. We believe that the jurisprudence makes it abundantly clear that it can be. The leading case on this point is that of Conery v. Rotchford, Brown & *240 Co., 30 La.Ann. 692, wherein an objection to a suit for revival was based on the absence of valid citation. The court held that if there had been no valid citation in the first instance there was no valid judgment and consequently nothing to revive. It held further that such nullity could be urged “collaterally in any form of proceeding, by any one having the least interest to have the nullity pronounced.” The following language is also applicable here:
“It would indeed be a vain thing to vex the courts with inquiry and the defendant with citation if he were not allowed to contest the very existence of the thing sought to be revived, and equally vain would be the revival if, in fact, the judgment had no real existence, or force in law as such. Courts of justice deal with the substance and not the shadow of causes. It can not be for a moment doubted that a party condemned without citation or hearing could sue to have that fact judicially determined, and yet more evidently that he may use the same fact as an exception to preserve his rights if sued. C.P. Article 20. This he may do at any time the judgment so obtained is sought to be enforced against him, for any purpose or in any manner; and even could it be held that he must bring such suit within a fixed time, as it can not by the express terms of article 612, C.P. Nowhere and to no class of cases is more applicable the maxim: 'Quae temporalia sunt ad agendum perpetua sunt ad excipiendumV’
We conclude, therefore, under the holding of the Culver, James and Teacle cases, cited supra, that the original judgment rendered herein was an absolute nullity and further, that being a nullity and of no legal effect, it could be attacked under the authority of the Conery case, supra, by means of an exception of no right or cause of action to a suit for revival of the judgment.
For the reasons assigned, the judgment appealed from is affirmed; costs to be paid by appellant.
Judgment affirmed.