78 So.2d 173 (1954)
226 La. 1059
Louis C. DAVIS
v.
LEWIS & LEWIS et al.
In re: Globe Indemnity Company applying for Writs of Certiorari to the Court of Appeal, First Circuit, State of Louisiana.
No. 41928.
Supreme Court of Louisiana.
December 13, 1954.
Rehearing Denied February 14, 1955.
Theus, Grisham, Davis & Leigh, Monroe, for relator.
Anders & Anders, by D. J. Anders, Winnsboro, for respondent.
MOISE, Justice.
Writs were granted in this case to review a judgment of the Court of Appeal, First Circuit, reversing a judgment of the trial court sustaining a plea of prescription filed by Globe Indemnity Company. 60 So.2d 230; Id., 72 So.2d 612.
Plaintiff filed suit for damages resulting from an automobile collision which occurred on January 1, 1948, between a car driven by himself and a truck, loaded with pulpwood, driven by Willie Wright. Globe Indemnity Company is the only party defendant before this Court for the reasons set forth in the Southern Reporters, supra. This suit was filed on December 29, 1948, and in Articles 15 and 16 of plaintiff's petition he made the following allegations:
"15.
"Petitioner shows and avers that he is informed and so believing so alleges that the said Lewis & Lewis, defendants herein, carried public liability insurance on the said large 8-wheel truck involved in said collision, and at the time of said collision; and further shows that under the Law of Louisiana, he is entitled to proceed herein against said liability insurer, as well as the said Lewis & Lewis, but shows that he has been unable to obtain the name and identity of the insurance company carrying said liability insurance on said truck, but avers that said company is also liable herein.

*174 "16.
"Petitioner shows that said Liability Insurance Company carrying said liability insurance policy on said truck of Lewis & Lewis, and which was involved in said collision, is represented by H. P. Durrett, Insurance Adjuster of Monroe, Ouachita Parish, Louisiana, with offices in the Chase-Aman Building; and petitioner makes said liability insurer, through H. P. Durrett, Agent and Adjuster, a party defendant herein."
To give the name of the liability insurance carrier should become the prevailing ethics.
In the latter part of January, 1949, more than one year after the accident, plaintiff amended his petition and named the Globe Indemnity Company as insurer of the defendants and asked that it be served through Wade O. Martin, Jr., Secretary of State for the State of Louisiana.
It is the contention of Globe Indemnity Company that since it was not named in the original petition and more than one year elapsed between the time of the accident and the filing of the amended petition, that any claim which plaintiff might have had against it has prescribed.
We see no reason to discuss the plea of prescription at length, because the reasons stated by the Court of Appeal, First Circuit, 60 So.2d 230, is not a negative, but a splendid affirmative of the position taken by us.
Suffice it to add that the testimony conclusively shows that a suit was filed within the year and that Mr. Durrett was the agent of the principal, Globe Indemnity Company, and that as such agent he had knowledge of the accident and was cited and served with a copy of the petition.
This Court has adhered to the doctrine that:
"Generally, a principal is affected with constructive knowledge, regardless of his actual knowledge, of all material facts of which agent receives notice or acquires knowledge while acting in the course of his employment and within the scope of his authority." Culver v. Culver, 188 La. 716, 178 So. 252; Weingart v. Delgado, 204 La. 752, 16 So.2d 254.
Act 39 of 1932, LSA-R.S. 9:5801, provides that the filing of a suit in a court of competent jurisdiction shall interrupt all prescriptions affecting the cause of action therein sued upon.
We feel, as the Court of Appeal felt, that there is no merit in the plea of prescription filed by the Globe Indemnity Company and that the filing of the suit on December 29, 1948 interrupted prescription. Lunkin v. Triangle Farms, Inc., 208 La. 538, 23 So.2d 209; Jackson v. American Employers' Ins. Co., 202 La. 23, 11 So.2d 225.
For the reasons assigned, the judgment of the Court of Appeal, First Circuit, overruling the plea of prescription is affirmed. All costs to be paid by defendant.