111 So.2d 375 (1959)
Ethel Bowling MARTIN
v.
MUD SUPPLY COMPANY, Inc.
No. 20151.
Court of Appeal of Louisiana, Orleans.
March 30, 1959.
Rehearing Denied May 11, 1959.
Certiorari Granted June 25, 1959.
*376 A. Deutsche O'Neal, Houma, James P. Vial and Leon C. Vial, III, Hahnville, for plaintiff and appellant.
Bienvenu & Culver, New Orleans, for defendant and appellee.
McBRIDE, Judge.
At an early hour on the morning of May 24, 1948, two young soldiers hitchhiking from Houma, Louisiana, to New Orleans, were given a ride in an automobile by Ernest Clements, the driver thereof. At approximately 3:30 a. m., the automobile, because of Clements' negligence, near Paradis, St. Charles Parish, Louisiana, failed to negotiate a curve in the highway, with the result that the car left the road and upset; one of the hitchhiking soldiers, Jimmie Robert Bowling, was killed, and the other, Leon E. Lane, suffered severe injuries. Clements also met death in the accident. No useful purpose would be subserved by engaging in a protracted discussion of the evidence with reference to the events preceding the accident. All that need be said is that Clements, who drove the automobile on the fatal trip, at or just before midnight of May 23, 1948, proceeded to the home of Andrew J. Rollins, who is the district manager of Mud Supply Company, Inc., and borrowed from Rollins the automobile, which was the property of Mud Supply Company, Inc., and of which Rollins was the custodian, for the purpose of conveying some of his fellow employees, who all lived in or near Houma, to their homes. The loan of the car was consummated strictly to accommodate Clements and his friends, none of whom were employed by Mud Supply Company, Inc., and it was not contemplated the car would be used to further any business of Mud Supply Company, Inc., and it was not so used. Rollins admonished Clements to return the automobile after his mission had been fulfilled.
After delivering his passengers to their destinations, Clements, instead of returning the automobile to Rollins, proceeded to leave Houma and drive toward New Orleans, picking up the two hitchhiking soldiers on the way. They were also bound for New Orleans. The accident occurred when the automobile had travelled some 30 or 40 miles distant from Houma.
Two lawsuits grew out of the accident, which the lower court consolidated for the purposes of trial, and separate judgments were rendered in each case. In this opinion we shall discuss the suit of Mrs. Ethel Bowling Martin, mother of Jimmie Robert Bowling, who claimed damages of $26,500 for the death of her son, which she alleges was due to the negligence of Clements in several specified particulars which need not be itemized here. The suit was filed on May 23, 1949, and the only defendant impleaded was Mud Supply Company, Inc., and plaintiff sought to hold said defendant liable on the theory that at the time of the accident Clements was an employee of Mud Supply Company, Inc., acting during the scope and course of his employment. The petition also made the allegation that the automobile of Mud Supply Company, Inc., was covered by liability insurance at the time of the accident, and that plaintiff desired to proceed against the insurer but had been unable to learn its identity. Plaintiff propounded interrogatories on facts and articles to Mud Supply Company, Inc., in an attempt to elicit from it the name of the insurer, the nature of the coverage, and the extent thereof.
On July 8, 1949, Mud Supply Company, Inc., in its answer to the suit, which generally denied plaintiff's allegations, furnished plaintiff with the name of its public liability insurer, namely, Houston Fire & Casualty Insurance Company, and informed plaintiff that policy coverage amounted *377 to $50,000 for any one injury and $100,000 for any one accident. When Mud Supply Company, Inc., answered the interrogatories on facts and articles on November 26, 1949, it again furnished plaintiff with the details with reference to the liability insurance coverage on the automobile.
Trial of the case was commenced on May 2, 1951, and after the testimony of one witness had been heard, the judge continued the matter for further hearing. On October 8, 1951, plaintiff filed a supplemental and amended petition in which she impleaded Houston Fire & Casualty Insurance Company as a defendant in solido with Mud Supply Company, Inc., on the allegation said corporation was the insurance carrier of the original defendant. This supplemental petition, it will be noted, was filed more than three years after the accident, two years and five months after the institution of suit, two years and three months after Mud Supply Company, Inc., filed its answer to the petition disclosing the name of the insurer, and two years after Mud Supply Company, Inc., had answered the interrogatories on facts and articles.
The new defendant, Houston Fire & Casualty Insurance Company, interposed a plea of prescription of one year against plaintiff's demands made against it in the supplemental petition. Mud Supply Company, Inc., also excepted on the grounds that the supplemental and amended petition set up a new and different cause of action and that the demand was barred by the prescription of one year.
Further testimony was taken on January 28, 1952, and on February 12, 1952, the trial judge maintained the plea of prescription of one year filed by Houston Fire & Casualty Insurance Company; plaintiff took a devolutive appeal from the judgment.
Several months later the trial proceeded as against the original defendant, Mud Supply Company, Inc., at the termination of which there was judgment rendered in favor of said defendant dismissing plaintiff's suit, from which judgment plaintiff has also appealed to this court.
There is considerable discussion pro and con as to whether Clements was the agent or employee of Mud Supply Company, Inc., on the date of the accident, but we do not deem it necessary to pass on that question for the simple reason plaintiff could not prevail in her demands even if the holding was that Clements was an employee of Mud Supply Company, Inc., and was actually operating the automobile during the course and scope of the employment when the accident occurred. We say this for the reason that the act of Clements in inviting the two young men into the automobile being without the knowledge or consent of Rollins or Mud Supply Company, Inc., and outside the course and scope of Clements' employment if he was an employee, said two hitchhikers, under such circumstances, are considered in law merely the guest passengers of Clements, but quoad Mud Supply Company, Inc., the status of the two young men was in the nature of trespassers and Mud Supply Company, Inc., cannot be held liable for their injuries. This doctrine is settled in Louisiana. Ruiz v. Clancy, 182 La. 935, 162 So. 734; Lipscomb v. News Star World Pub. Corporation, La.App., 5 So.2d 41; Coffey v. Ouachita River Lumber Co., Inc., La.App., 191 So. 561. This disposes of the demands made by plaintiff against Mud Supply Company, Inc.
The important aspect of the case is whether the plea of prescription of one year filed by Houston Fire & Casualty Insurance Company was properly maintained in the court below.
Plaintiff's reliance is that the filing of the suit against Mud Supply Company, Inc., had the legal effect of interrupting the running of prescription as against Houston Fire & Casualty Insurance Company, and counsel contend that even though the supplemental petition bringing in said insurer *378 was filed some years after the accident, such was timely and the insurer is properly before the court. They argue, first, there was a liability in solido as between Mud Supply Company, Inc., and Houston Fire & Casualty Insurance Company, and, alternatively, that if Houston Fire & Casualty Insurance Company is not to be held liable as the insurer of Mud Supply Company, Inc., then said insurer is liable unto plaintiff for her damages in its character of insurer of Clements under the omnibus clause contained in the policy contract.
The dismissal of the demands of plaintiff against Mud Supply Company, Inc., must also result in the dismissal of the demands made by plaintiff against Houston Fire & Casualty Insurance Company as the insurer of Mud Supply Company, Inc., and if there is any liability at all in the insurer, such arises from its status of omnibus insurer of the driver of the car and not as insurer for Mud Supply Company, Inc., the named insured. This poses the question: What effect the suit against Mud Supply Company, Inc., had with respect to the running of prescription as to Houston Fire & Casualty Insurance Company as the insurer of Clements under the omnibus clause? If Mud Supply Company, Inc., and Houston Fire & Casualty Insurance Company had been debtors in solido, there could be no question that the suit against the one would interrupt the running of prescription as against the other.
LSA-C.C. art. 2092 provides the obligation may be in solido, although one of the debtors be obligated differently from the other to the payment of one and the same thing.
In Sewell v. Newton, La.App., 152 So. 389, this court in effect said that Act No. 55 of 1930 (LSA-R.S. 22:655), which gives the right to an injured party to proceed directly against the tortfeasor or his liability insurer, or both, for judgment, makes the obligation of such insurer and the assured a debt in solido. We also said further that under LSA-C.C. art. 2095, where two or more persons are solidarily obligated "a suit brought against one of the debtors does not bar the creditor from bringing suits on the same account against the others."
LSA-C.C. art. 2097 reads: "A suit brought against one of the debtors in solido interrupts prescription with regard to all." And, according to LSA-C.C. art. 3552, a citation served upon one of the debtors in solido, or his acknowledgment of the debt, interrupts the prescription with regard to all of the others and even their heirs.
These codal articles have been well recognized and often applied, but we can find no authority holding that a suit filed against one not liable as a debtor in solido results in an interruption of prescription as against another person who may be sought to be held liable for the amount claimed by plaintiff. However, we do find it to be settled jurisprudence that under LSA-C.C. art. 3552, the acknowledgment of a debt by one joint debtor does not interrupt prescription as to his co-debtors. Jordan v. Smith, 206 La. 765, 20 So.2d 17. Solidarity must exist. Stowers v. Succession of Blackburn, 21 La.Ann. 127.
We also understand that the plaintiff is contending, regardless of the nature of the obligation Houston Fire & Casualty Insurance Company owed plaintiff under the policy, the suit against Mud Supply Company, Inc., was sufficient to apprise the insurer extrajudicially of the fact that plaintiff was demanding redress for her son's death, and that such notice constituted an effective interruption of prescription against the insurer. In support of this contention, we are cited to Andrepont v. Ochsner, La.App., 84 So.2d 63, which this court recently decided.
Andrepont v. Ochsner, supra, was a suit sounding in tort in which in the original petition, Dr. Ochsner was named as sole defendant. After more than a year had elapsed from the date the accident happened, *379 plaintiff filed a supplemental and amended petition alleging his damages were also caused by the negligence of Alton Ochsner Medical Foundation and Foundation Hospital, and sought to implead as a new defendant the insurance company which had issued a policy of liability insurance to Dr. Ochsner and the two newly-named tortfeasors. The insurance company pleaded the prescription of one year to plaintiff's demands as to the claim against it based on the allegations it was the insurer of Alton Ochsner Medical Foundation and Foundation Hospital, which two concerns had not been named as defendants in the original petition. We deemed the plea of prescription to be without merit. The evidence showed Dr. Ochsner was not personally liable unto plaintiff for damages because not guilty of negligence, and although he had been sued as the wrong defendant and in an individual capacity, he was in reality the President of Alton Ochsner Medical Foundation which owned and operated Foundation Hospital, and the filing of the suit against him constituted notice of the demand, and the nature thereof, to his corporation, all of which served to interrupt the running of prescription against Alton Ochsner Medical Foundation which was the right defendant. We pointed out that under the liberal attitude adopted by our courts, the knowledge of the demand, its origin and basis, are imparted to the right defendant even where the original suit was brought against the wrong party or against the defendant in an improper capacity. We said so long as the proper person, Alton Ochsner Medical Foundation, had been apprised of the demand by reason of the suit against its President, prescription as against it was interrupted. We reasoned that as there had been an interruption of prescription as against Alton Ochsner Medical Foundation, prescription was likewise interrupted as to its codebtor in solido, the insurer.
The difference in the situation existing as between Andrepont v. Ochsner and the instant case is quite obvious. In the instant case the important point is that plaintiff failed to bring into the case a party who was not liable in solido with Mud Supply Company, Inc., until long after prescription against plaintiff's claim had accrued.
Whether Houston Fire & Casualty Insurance Company had knowledge vel non of the filing of the suit against its insured is of no moment. Notice does not suffice for judicial demand so as to interrupt prescription. The Supreme Court said in Hill v. Barlow, 6 Rob. 142:
"* * * the party should be cited; and it cannot be controverted, that any other means of knowledge of the proceedings instituted against him, brought home to the party against whom the prescription is sought to be legally interrupted, would not be sufficient to operate as a legal interruption * *."
In Achord v. Holmes, La.App., 34 So.2d 807, it was held that the filing of a suit for damages within the prescriptive period against a member of the same household would not interrupt prescription as to another member of the family although he had actual notice that the suit had been filed. In the case of Adams v. Citizens' Bank, 17 La.App. 422, 136 So. 107, where service of citation had been made by the sheriff beyond the territorial confines of his parish, it was held the citation was illegal and whatever notice of the suit was conveyed thereby was ineffectual in interrupting the running of prescription. The Supreme Court had previously held to the same effect in Schwartz v. Lake, 109 La. 1081, 34 So. 96, where the citation, though properly served, had not been signed by the clerk.
We think the plea of prescription of one year filed by Houston Fire & Casualty Insurance Company was properly maintained below.
The judgments appealed from are affirmed.
Affirmed.