119 So.2d 484 (1959)
239 La. 616
Ethel Bowling MARTIN
v.
MUD SUPPLY COMPANY, Inc.
No. 44695.
Supreme Court of Louisiana.
November 9, 1959.
On Rehearing March 21, 1960.
Rehearing Denied April 25, 1960.
*485 A. Deutsche O'Neal, Houma, James P. Vial, Leon C. Vial, III, Hahnville, for plaintiff-appellant.
Bienvenu & Culver, P. A. Bienvenu, Lawrence D. Wiedemann, New Orleans, for defendant-respondent.
HAMITER, Justice.
During the early morning of May 24, 1948 an automobile owned by Mud Supply Company, Inc. was involved in an accident. Driving the car at the time was one Ernest Clements, and with him as passengers were Leon Lane (a minor) and Jimmie Robert Bowling. As a result of the accident Clements and Bowling were killed and Lane was seriously injured.
On May 21, 1949 Lane's father, for and on behalf of his minor son, filed a damage suit against Mud Supply Company, Inc. and the Houston Fire and Casualty Insurance Company. Later the son, on reaching the age of majority and during the pendency of the action in the district court, was substituted as the plaintiff in the place of his father.
On May 23, 1949 the instant suit was instituted by Ethel Bowling Martin, mother of the deceased Jimmie Robert Bowling, to recover damages growing out of her son's accidental death. Initially, only Mud Supply Company, Inc. was impleaded.
In her original petition plaintiff alleged that the negligent driving of Clements solely caused the accident, and that at the time thereof the said driver was an employee of the Mud Supply Company, Inc., acting in the course and scope of his employment. She further alleged, on information and belief, that "* * * the defendant, Mud Supply Company, Inc., was covered by liability insurance at the time of the accident hereinabove described, but her efforts to determine the name of the insurance carrier has been unsuccessful, and she desires to make the insurance company a party defendant, and she has annexed to the within petition Interrogatories on Facts and Articles which she desires to have the defendant answer, in writing, under oath and categorically * * *."
Among the mentioned interrogatories were the following:
"Interrogatory 1:
"Is it not a fact that you were covered by liability insurance on May 24, 1948?
"Interrogatory 2:
"If the answer to Interrogatory 1 is yesstate the name of the Company or Companies and the amount of coverage.
"Interrogatory 3:
"If the answer to Interrogatory 1 is yes state if such policy covered all vehicles owned by you.
*486 "Interrogatory 4:
"If the answer to Interrogatory 1 is yes state if such policy of insurance covered any and all drivers of the vehicles, whether they [were] being used for their personal use or on company business." (Brackets ours.)
On July 8, 1949 the impleaded Mud Supply Company, Inc. filed an answer to the original petition, it denying the allegation that Clements was an employee acting in the course and scope of his employment at the time of the accident. The answer contained also an admission that the defendant's "automobiles were covered by a blanket policy of public liability insurance with Houston Fire and Casualty Insurance Company * * *; that said policy of insurance covered all motor vehicles owned by respondent on or about May 24, 1948."
On November 16, 1949 categorical answers to plaintiff's interrogatories were filed by the defendant through its counsel who, on the same date, also answered the petition in the Lane suit for both Mud Supply Company, Inc. and Houston Fire and Casualty Insurance Company.
On October 8, 1951 plaintiff presented a supplemental petition in which she, after reiterating her original allegations, further alleged, on information and belief, that the car which Clements was driving was insured by Houston Fire and Casualty Insurance Company (hereinafter referred to as Houston) and that "* * * said insurance policy sold by the insurance company named herein to the Mud Supply Co., Inc. which was in full force and effect at the time of the accident and specifically covered the Ford automobile involved in this accident contained clauses to the effect that even though said automobile was not being used for and on behalf of said company or within the course and scope of the driver's employment with said Mud Supply Co., Inc., that nevertheless, said insurance policy would cover said accident should said automobile be then being used with the knowledge and permission of the insured, Mud Supply Co., Inc., its agents and employees." Following such allegations plaintiff prayed for citation on Houston and for a solidary judgment against it and Mud Supply Company, Inc. (Italics ours.)
Houston, thereupon, tendered a plea of prescription of one year to the demand against it. The district court, following argument on the pleadings alone, sustained this plea. As a result Houston was eliminated from the proceeding.
Subsequently, plaintiff's suit as against Mud Supply Company, Inc. was tried on its merits (along with the consolidated Lane suit) and was dismissed.
Plaintiff appealed to the Court of Appeal for the Parish of Orleans, and that tribunal affirmed the two judgments which dismissed the suit as against both Houston and Mud Supply Company, Inc. See 111 So.2d 375. Thereafter, we issued the writ of certiorari for the restricted purpose of reviewing the ruling which sustained Houston's plea of prescription.
In support of the sustained prescriptive plea the insurer Houston reasons here, and its reasoning was approved in the holding of the Court of Appeal, that since the insured Mud Supply Company, Inc. was not liable to plaintiff under the respondeat superior theory there could be no solidary liability between that company and it; and that, consequently, the suit filed against the insured could not interrupt the prescription running against the insurer.
If an interruption can take place only when the insured and insurer are solidary obligors the conclusion reached by such reasoning might be correct. However, here the circumstances shown by the record, make applicable the doctrine of those cases in which we have held that, even though there exists no solidary liability, the filing of a suit interrupts prescription as to one not impleaded originally when he is affected by the cause of action involved, is closely associated with the named and cited defendant, and is fully *487 informed of the claim and the suit thereon. See particularly Jackson v. American Employers' Insurance Company, 202 La. 23, 11 So.2d 225, Lunkin v. Triangle Farms, Inc., 208 La. 538, 23 So.2d 209, and Davis v. Lewis & Lewis, 226 La. 1059, 78 So.2d 173 (this decision approved the language of the Court of Appeal in the same case reported in 60 So.2d 230).
With respect to the cited decisions the Court of Appeal for the Parish of Orleans has correctly and concisely summarized the effect thereof in Andrepont v. Ochsner, 84 So.2d 63, 68, as follows: "Thus it appears that all of the cases seem to be based on the theory that the knowledge of the demand, its origin, and basis, are imparted to the defendant even though the original suit was brought against the wrong defendant or against the defendant in an improper capacity, and even when brought by an improper plaintiff. So long as the proper person has been apprised of the demand in any legal capacity, prescription is interrupted."
In the instant cause Houston (through its attorneys), as it was obliged to do under the terms of its contract with Mud Supply Company, Inc., initially took part in the defense of the action, it then contending that there was no liability on the part of the insured. In this connection its counsel, in the brief to the Court of Appeal, stated: "It is true that Houston was aware of the fact that the suit was filed and in fact, through its counsel was defending the law suit. * * *" (Italics ours.)
Having been aware of the suit's filing, and in view of the allegations of the original petition and the contents of the attached interrogatories, undeniably Houston initially had full knowledge that plaintiff was not only seeking recovery under the respondeat superior theory but also was demanding damages from it pursuant to the omnibus clause of the issued policy which protected the public against the negligent operation of the vehicle in question by "any person while using an owned automobile * * * provided the actual use of the automobile is with the permission of the named insured * * *." And because of Houston's awareness of that demand, including its origin and basis, we conclude that under the doctrine of the afore-cited cases the running of prescription in favor of such insurer was effectively interrupted. Incidentally, pertinent here is the observation contained in Jackson v. American Employers' Insurance Company, supra [202 La. 23, 11 So.2d 226], that "* * * in the circumstances of this case, it would be unjust to hold that the filing of the original suit did not interrupt prescription."
For the reasons assigned the judgments of the district court and the Court of Appeal dismissing plaintiff's suit as against Houston Fire and Casualty Insurance Company are reversed and set aside, the plea of prescription filed by that defendant is now overruled, and the cause is remanded to the district court for further proceedings according to law and consistent with the views herein expressed. The costs of all courts incident to the plea of prescription are to be borne by Houston Fire and Casualty Insurance Company. The other costs are to await the final determination of the litigation.
McCALEB, Justice (dissenting).
I am in accord with the views expressed by the Court of Appeal in ruling that the plea of one-year liberative prescription was well-founded. See La.App., 111 So.2d 375. In reversing this ruling, the majority opinion holds that the running of prescription was interrupted against Houston Fire & Casualty Insurance Company, the public liability insurance carrier of Mud Supply Company, because it, through its attorneys, "* * * initially took part in the defense of the action, it then contending that there was no liability on the part of the insured * * *" and that "* * * Having been aware of the suit's filing, and in view of the allegations of the original petition and the contents of the attached interrogatories * * *" the insurance company initially had full knowledge that recovery was not *488 only being sought under the respondeat superior theory but also that plaintiff was demanding damages pursuant to the omnibus clause of the issued policy.[1]
This holding constitutes an unwarranted extension of the liberal rule pertaining to the interruption of prescription in tort cases involving liability insurersfor, here, the Court is saying that the current of prescription is interrupted against an insurer, not a party to the suit, because the insurer's attorneys and agents who have never been cited are defending the suit in compliance with its contractual obligation, the theory being that the attorneys' knowledge that plaintiff desires to join the insurer as a defendant is equivalent to legal notice. That this ruling is directly contrary to our Civil Code and other statutory law which should govern our decision, can be readily gleaned from provisions applicable here.
The liberative prescription is essentially a rule of law by which debts are discharged by the effect of the lapse of time. Being substantive in its nature, it operates as a perpetual bar to every species of action "when the creditor has been silent for a certain time without urging his claim". Civil Code, Article 3459 and see also Articles 3528 and 3530.
Article 3550 declares:

"Good faith not being required on the part of the person pleading this prescription, the creditor can not compel him or his heirs to swear whether the debt has or has not been paid, but can only blame himself for not having taken his measures within the time directed by law; and it may be that the debtor may not be able to take any positive oath on the subject." (Italics mine.)
Thus, it is seen that knowledge on the part of a debtor that a third party is desirous of entering suit against him by reason of the fact that suit is brought against the person he has contracted to defend, affords no ground for concluding that the filing of the suit interrupts prescription as to the indemnitor unless it is determined that the parties are debtors in solido, a conclusion which the majority admit is not justified in this case.
Since the rationale of the majority view is that the filing of the suit against Houston's insured, coupled with the knowledge of its attorneys of the claim and of plaintiff's intention to join Houston, constituted a legal interruption of prescription against Houston, it is pertinent to examine the law upon which this result is reached. R.S. 9:5801 provides that the filing of a suit in a court of competent jurisdiction shall interrupt all prescriptions affecting the cause of action sued on against all defendants. Inasmuch as Houston was not made a party defendant to the suit originally filed against Mud Supply Company, it is manifest that *489 prescription under the foregoing statute was not interrupted by the filing of suit.
And Article 3518 of the Civil Code declares that a legal interruption takes place when the possessor (the named defendant) has been cited to appear whether the suit has been brought before a court of competent jurisdiction or not. Obviously, this means legal citation; knowledge on the part of the party pleading prescription that the plaintiff intends to make demand against it is not enough.
The majority rely on three cases, viz., Jackson v. American Employers' Insurance Co., 202 La. 23, 11 So.2d 225; Lunkin v. Triangle Farms, 208 La. 538, 23 So.2d 209 and Davis v. Lewis & Lewis, 226 La. 1059, 78 So.2d 173, which are asserted to support its conclusion that prescription has been interrupted under the circumstances presented here as to one not impleaded when it is closely associated with the named defendant.
These authorities are clearly distinguishable and stand for the proposition, as stated by the Court of Appeal in Andrepont v. Ochsner, La.App., 84 So.2d 63 (approved in the majority opinion) that "* * * knowledge of the demand, its origin, and basis, are imparted to the defendant even though the original suit was brought against the wrong defendant or against the defendant in an improper capacity, and even when brought by an improper plaintiff. So long as the proper person has been apprised of the demand in any legal capacity, prescription is interrupted". (Italics mine.)
In this case, no suit has been brought against the wrong insurer; suit was not filed against anyone, other than the assured, within a year after the accident. Mere knowledge of the insurer that plaintiff would have joined it had she or her attorneys known its identity cannot, without doing violence to the plain provisions of law, suffice as a substitute for legal notice, in the absence of a showing that the insurer's agents or attorneys misled or obstructed plaintiff in obtaining the true facts.
In the latter instance, i. e., obstruction or deceit on the part of the insurer or its agents (of which there is no suggestion in the main opinion), the Court would be justified in applying the doctrine "contra non valentem agere nulla currit praescriptio" (prescription does not run against one unable to act) which has a limited application in the law of Louisiana. See Ayres v. New York Life Ins. Co., 219 La. 945, 54 So. 2d 409 and authorities there cited. Indeed, the decision in Jackson v. American Employers' Insurance Co., relied on heavily by the majority, was founded on the doctrine of contra non valentem. There, the suit was filed against the wrong company of the Employers' Group because the Manager of the Claim Department of the three companies operating out of the same office led plaintiff's attorneys to believe that the company sued was the one that issued the policy. Since the failure to sue the proper party was solely attributable to defendant, the Court concluded that defendant could not be heard to contend that the filing of the suit did not interrupt prescription.[2]
*490 Lunkin v. Triangle Farms and Davis v. Lewis & Lewis, supra, are also different from this one because, in those matters, legal notice was given to, and service was made upon, the agents of the defendants. In the Lunkin case, suit was filed against Evan-Hall Sugar Cooperative, Inc. under the compensation law for a fatal accident and was later dismissed on a showing that the defendant was not the employer of the decedent. Thereafter, suit was instituted against Triangle Farms, the employer of the decedent, and the question arose as to whether the first suit against the wrong corporation had the effect of interrupting prescription against Triangle. It was correctly held that it did under the facts of that case, it appearing that, whereas the two corporations were distinct legal entities, both were operated from the same office, under the same management and, in some instances, had the same employees, particularly one Churchill, who was the general manager of both corporations on whom service of citation of plaintiff's claim was made. The Court concluded that "judicial knowledge" received by Churchill effected an interruption of prescription, the legal notice to him being chargeable not only to Evan-Hall but to Triangle Farms as well.
So, too, in Davis v. Lewis & Lewis, supra, where plaintiff, unable to ascertain the name of the insurer of the tortfeasor, cited its agent and adjuster, one Durrett, as party defendant and served him with a copy of the petition. The Court properly deduced that the timely citation of and service on the company's agent and representative operated to interrupt the running of prescription.
The basic difference between the Lunkin and Davis cases and this one, however, is apparent; in those matters there was legal notification by citation of the agents of the insurer prior to the running of prescription; here, no such notice has been given. Mere knowledge of the insurer and the active defense of the suit against its insured conformably with its contractual obligation cannot and does not, in my opinion, relieve plaintiff of making either a direct legal demand under R.S. 22:655 prior to the accrual of prescription or of notifying it through its agents by legal process in like manner.
I respectfully dissent.

On Rehearing
HAMLIN, Justice.
A rehearing was granted in this matter in order that we might consider the correctness of our judgment holding that, even where no solidary liability exists between an insurer and an insured, prescription is interrupted as to the insurer where a suit is filed against the insured within the prescriptive period. In our original opinion we stated, "* * * even though there exists no solidary liability, the filing of a suit interrupts prescription as to one not impleaded originally when he is affected by the cause of action involved, is closely associated with the named and cited defendant, and is fully informed of the claim and the suit thereon."
The pertinent facts leading up to the instant controversy were set forth in our original opinion herein, we shall restrict ourselves to a chronological reiteration.
On May 24, 1948, plaintiff's son, a hitchhiker, was killed in an automobile accident which occurred when the driver of the car in which he was riding failed to negotiate a turn and ran off of the highway into a borrow pit. Ernest Clements, the driver, had borrowed the car from Mud Supply Company, Inc. and was not engaged in the business of the owner at the time of the accident.
The instant suit was filed against Mud Supply Company, Inc. on May 23, 1949. It was an action for damages in which Ethel Bowling Martin, plaintiff, alleged that the negligence of Clements, an employee of Mud Supply Company, Inc., caused the accident in which her son, Jimmie Robert *491 Bowling, was killed. She stated that the defendant was covered by liability insurance but that she had been unable to secure the name of the company carrying the insurance. She annexed Interrogatories on Facts and Articles, in which she demanded the name of the liability carrier.
On July 8, 1949, the defendant answered, setting forth the name of its insurer. Categorical answers to the interrogatories, in which the name of the liability carrier was again set forth, were filed on November 26, 1949.
Trial commenced on May 2, 1951, and was then continued.
On October 8, 1951, plaintiff filed an amended and supplemental petition. After reiterating and reaffirming all of the allegations contained in her original petition, she alleged that the automobile involved in the accident was insured at the time of the accident by the Houston Fire and Casualty Insurance Company. She further alleged that the covering policy contained clauses to the effect that even though said automobile was not being used for and on behalf of Mud Supply Company, Inc. or within the course and scope of the driver's employment with Mud Supply Co., Inc., that, nevertheless, the insurance policy covered an accident where the car was being used with the knowledge and permission of the insured, Mud Supply Co., Inc., its agents and employees. She prayed for an in solido judgment against Mud Supply Company, Inc. and Houston Fire and Casualty Insurance Company.
On November 13, 1951, Houston Fire and Casualty Insurance Company filed a plea of prescription, averring that plaintiff's claim had prescribed by the lapse of one year.[1] On the same day, Mud Supply Company, Inc. excepted to the supplemental petition, contending that plaintiff had set forth a new cause of action by invoking protection of the "Omnibus Clause" set forth in its liability policy.
The trial court sustained the plea of prescription field by Houston Fire and Casualty Insurance Company; the Court of Appeal,[2] Parish of Orleans, affirmed the judgment of the trial court. Both courts rejected the demands of plaintiff against Mud Supply Company, Inc. We granted certiorari limited to plaintiff's claim against the insurance company on its plea of prescription. On original hearing, we reversed the judgments of the district court and the Court of Appeal.
We previously agreed, and still agree, with the finding of the Court of Appeal that under the facts of this case no solidary liability existed between Mud Supply Company, Inc. (Clements was not an employee of Mud Supply Company and was only driving the car with the consent of the owner) and Houston Fire and Casualty Insurance Company, and that, therefore, plaintiff could not recover damages from the insurer under the respondeat superior theory.
Posed for our determination on this rehearing is the question of whether prescription was interrupted as to the insurer merely by the facts that it was closely associated with the defendant, that it had knowledge of the instant suit which was filed on May 23, 1949 (one day before the right of action expired), and that such suit was filed against Mud Supply Company, Inc. before the lapse of one year from the time of the accident.
Plaintiff contends that LSA-R.S. 9:5801, which recites:
"The filing of a suit in a court of competent jurisdiction shall interrupt all prescriptions affecting the cause of action therein sued upon, against all defendants, including minors and interdicts," (emphasis ours).
means that all prescriptions are interrupted against all defendants. In brief she states:
"* * * It follows then that the prescription was interrupted as to Mud *492 Supply Company and also its liability insurer, who was sought to be made a defendant, by the filing of the original petition. If it were then interrupted, it could not again begin to run until a final disposition of the litigation. * * *"
An examination of the statute, supra, clearly reflects that in order for prescription to be interrupted as to a party affected by a cause of action, such party must be named as a party defendant. Here, Houston Fire and Casualty Insurance Company was not named a defendant in the original petition filed by plaintiff. It follows that LSA-R.S. 9:5801 is not applicable to the present matter and can afford plaintiff no relief.
Liberative prescription is that form of prescription which releases one under certain conditions from the payment of a debt alleged to be owed by him.[3] This type of prescription was thoroughly explained in the case of Arkansas Natural Gas Co. v. Sartor, 5 Cir., 78 F.2d 925, 928, certiorari denied, 296 U.S. 656, 56 S.Ct. 381, 80 L.Ed. 467, as follows:
"* * * Under the law of Louisiana prescription does not run against one who is ignorant of his rights, provided the party pleading it has been guilty of fraud that contributes to the want of knowledge on the part of plaintiff. Hyman v. Hibernia Bank & Trust Co., 139 La. 411, 71 So. 598. But in the absence of fraud, prescription runs against all persons, unless exempted by some provision of the statute. Plaintiffs are not protected by any statutory exemption. In Cox v. Von Ahlefeldt, 105 La. 543, 30 So. 175, it was said that those who claim exemption from prescription by reason of ignorance resulting from fraud must allege and show that such ignorance was neither willful nor negligent; and again, in Littlefield v. City of Shreveport, 148 La. 693, 87 So. 714, it was said that mere passivity cannot arrest the course of prescription, good faith not being required on the part of the person pleading prescription. La. Civil Code, art. 3550.
"The above-cited decisions of the Supreme Court of Louisiana are in line with the general jurisprudence of the country. Statutes of limitation are founded on public policy and are favored in the law. Mere ignorance of one's rights will not toll the statute of limitations. Concealment by defendant only by silence is not enough. He must be guilty of some trick or contrivance tending to exclude suspicion and prevent inquiry. There must be reasonable diligence on the part of plaintiff and the means of knowledge are the same in effect as knowledge itself. * * * We know of no decision, either of controlling authority or persuasive, holding that mere ignorance on the part of the creditor will toll the statute."
Our research has not revealed any jurisprudence which holds that knowledge alone of the filing of a suit against a closely associated person or company constitutes an interruption of prescription as to one not cited within a prescriptive period.
"Citation to a defendant, which is the judicial notice to him to appear and answer the demand that is being made against him, is the only form of notice which will interrupt prescription. Civil Code, Art. 3518. Actual notice will not suffice. Agnelly v. Goodheit, 6 La. App. 121." Achord v. Holmes, La. App., 34 So.2d 807, 808.

*493 "One of the well known rules relative to prescription is, that it becomes interrupted, when the party in favor of whom the time necessary to acquire it is running, has been cited to appear before a court of justice, on account of the right or claim to which the prescription would apply. This is called a `legal interruption,' and it matters not whether the suit has been brought before a court of competent jurisdiction, or not. Civil Code, arts. 3482, 3484, and 3516. It is, therefore, necessary that the party should be cited; and it cannot be controverted, that any other means of knowledge of the proceedings instituted against him, brought home to the party against whom the prescription is sought to be legally interrupted, would not be sufficient to operate as a legal interruption in the true sense of the law. * * *" Hill v. Barlow, 6 Rob. 142.
The evidence of record conclusively shows that Houston Fire and Casualty Insurance Company had knowledge of the filing of plaintiff's suit, but this fact, as shown by the jurisprudence, supra, had no effect upon the tolling of liberative prescription in favor of the liability insurance carrier where it was not named as a party defendant within the one-year prescriptive period. Here, there was no fraud nor concealment of information by Houston Fire and Casualty Insurance Company; such fact was conceded by counsel for plaintiff.
A further study of the cases relied upon in our original opinion reflects that they can be differentiated from the instant matter.
In Jackson v. American Employers' Ins. Co., 202 La. 23, 11 So.2d 225, plaintiff cited an incorrect insurer. This Court held that because of the peculiar facts of the case, such citation was sufficient to interrupt prescription. The following syllabus correctly states the ruling of the case:
"Where three insurance companies were doing business as a group under the title `The Employers' Group of Boston, Mass.', letterheads of which bore the names of all three companies, having the same office for their claim department, the same telephone, same manager and same employees in that department, the filing of suit against one of the companies under mistaken belief it was insurer under policy covering automobile causing injury, after plaintiff's attorney had been led to believe by letter from manager of claim department that the company sued was the company which had issued the policy, was sufficient to interrupt the one-year period of prescription against the company which had issued the policy. Act No. 39 of 1932."
Lunkin v. Triangle Farms, Inc., 208 La. 538, 23 So.2d 209, also involved a question of incorrect citation. The proper defendant, who was cited after the prescriptive period, operated from the same office, had the same management, and in some instances had the same employees as the improper defendant who had been cited within the prescriptive period. This Court held that citation, though insufficient to support a judgment, interrupts prescription if it notifies defendant of the grounds of plaintiff's claim and that plaintiff is asserting such claim.
The instant case does not involve a question of incorrect citation; there was no citation until after the prescriptive period. Plaintiff did not avail herself of the provisions of Act 371 of 1940, LSA-R.S. 22:1522, which were available to her. In the Jackson case, supra, we remarked that, "Act 371 of 1940 requires the Casualty and Surety Rating Commission to furnish to any claimant or to the attorney for any claimant, upon his request being made at any reasonable time, the name of the employer's insurer or insurers in compensation matters, or the name of the insurer with regard to personal injury claims. *494 * * *" See, Bowerman v. Pacific Mut. Ins. Co., 212 La. 1000, 34 So.2d 53.
Davis v. Lewis & Lewis, 226 La. 1059, 78 So.2d 173, is not apposite. There, we held that citation against an agent interrupted prescription against the principal.
In Andrepont v. Ochsner, La.App., 84 So.2d 63, 68, the factual situation differed from that of the instant matter. Dr. Alton Ochsner was sued for damages alleged to have resulted from injury to a patient during the course of an operation. After the lapse of a year, Alton Ochsner Medical Foundation and its public liability insurer, Aetna Casualty & Surety Co., were named as defendants in a supplemental and amended petition. The Court of Appeal, Parish of Orleans, held that the plea of prescription filed by Aetna Casualty & Surety Company could not be maintained. It stated:
"Due to the peculiar circumstances which exist in the instant case, which bear a closeness in resemblance to those existing in many of the cited cases, we think that suit having been brought within the year against Dr. Ochsner had the legal effect of interrupting the one-year prescription as against Alton Ochsner Medical Foundation and its insurer, Aetna Casualty & Surety Company, followed by a suspension of prescription against both during the pendency of the suit. * *"
In the foregoing case, the Court of Appeal was of the opinion that notwithstanding the fact that the suit was directed against Dr. Alton Ochsner in an individual capacity, nevertheless, he, in the capacity of President of Alton Ochsner Medical Foundation, which owned and conducted Foundation Hospital, was fully apprised of the plaintiff's demand for $50,000 as well as the nature of the demand. The court, however, was careful to state:
"Thus it appears that all of the cases seem to be based on the theory that the knowledge of the demand, its origin, and basis, are imparted to the defendant even though the original suit was brought against the wrong defendant or against the defendant in an improper capacity, and even when brought by an improper plaintiff. So long as the proper person has been apprised of the demand in any legal capacity, prescription is interrupted." (Emphasis ours.)
Herein, the insurer was not apprised of the instant suit in a legal manner until after the prescriptive period had lapsed; there are no exceptional or peculiar circumstances which would operate in favor of plaintiff. Since there was no solidary liability between the assured and its liability carrier, it cannot be said that the suit filed against Mud Supply Company, Inc. was a suit filed against a wrong party and that such filing within the prescriptive period interrupted the running of prescription as to Houston Fire and Casualty Insurance Company.
In its application for rehearing, Houston Fire and Casualty Insurance Company urges that this Court was in error in holding that the filing of suit based on one cause of action interrupts prescription with respect to an entirely different and unrelated cause of action pleaded by amended petition.
Plaintiff contends that her supplemental petition (filed some 27 months after the filing of the original petition), in which she named Houston Fire and Casualty Insurance Company as a party defendant and invoked the protection of the omnibus clause of the instant policy, did not change her cause of action. She avers that her cause of action was always one in tort in which she claimed damages resulting from the negligence of the tort-feasor. She still further urges that her amended petition joining the insurer could not be defeated by a plea of prescription. Liberative prescription had run as to Houston Fire and Casualty Insurance Company on May 25, 1949. Because of our findings, supra, we do not think that it is necessary for us to decide whether plaintiff's supplemental petition amended her original petition or *495 changed her cause of action. Cf. Bowerman v. Pacific Mut. Ins. Co., 212 La. 1000, 34 So.2d 53.
For the reasons assigned, the decree rendered by this Court on the original hearing of this case having been set aside by the granting of a rehearing, the judgments rendered by the trial court and the Court of Appeal, Parish of Orleans, maintaining the plea of prescription herein filed, are affirmed. All costs are to be paid by plaintiff relator.
HAMITER, Justice (dissenting).
It is my belief that the majority have erroneously concluded that there was no concealment of information by Houston Fire and Casualty Insurance Company, particularly in view of their observation that the record conclusively shows that such insurer had knowledge within the one-year prescriptive period of the filing of plaintiff's suit. For this reason and also for the reasons assigned by me on the original hearing I respectfully dissent.
NOTES
[1] The latter part of this statement that the insurance company knew that plaintiff was demanding damages under the omnibus clause of its policy is not accurate in my opinion as the liability of Mud Supply Company, as alleged in plaintiff's original petition, which was filed one day before the running of prescription against that defendant, was predicated entirely on the theory that its alleged employee was acting within the scope of his employment at the time of the accident. It was not until October 8, 1951, more than three years after the accident and two years and five months after the institution of suit, when plaintiff impleaded the defendant insurance company for the first time, that demand was made against it under the omnibus clause of the policy. Thus, even if it be generously conceded for purposes of discussion, that the filing of suit against Mud Supply Company interrupted the running of prescription as to a defendant who was not impleaded, because of the knowledge of its agents and attorneys that plaintiff was anxious to join the insurer as party defendant, the best that can be said is that, under R.S. 9:5801, prescription was interrupted as to the cause of action stated in plaintiff's petition. See Callender v. Marks, 185 La. 948, 171 So. 86. Under no circumstances could the running of prescription be interrupted as to a cause of action not pleaded, that is, the demand subsequently asserted against the defendant insurance company under the omnibus clause of its policy.
[2] The majority opinion derives comfort in its ruling in this case from the observation contained in the Jackson case that "* * * in the circumstances of this case, it would be unjust to hold that the filing of the original suit did not interrupt prescription." [202 La. 23, 11 So.2d 226.] While the quoted observation was relevant to the facts appearing in the Jackson case, I fail to see that it fits "the circumstances of this case" where there is apparently no suggestion that the agents or attorneys for the insurance company misled or otherwise deceived counsel for plaintiff. More appropriate, under the circumstances presented here, is Bowerman v. Pacific Mut. Ins. Co., 212 La. 1000, 34 So.2d 53, where it was held that the filing of suit against the named defendant did not interrupt the running of prescription against the insurer, "Pacific Employers Insurance Company", which had not been cited or served with notice prior to the accrual of prescription.
[1] LSA-Civil Code, Article 3536.
[2] 111 So.2d 375.
[3] "Good faith not being required on the part of the person pleading this prescription, the creditor can not compel him or his heirs to swear whether the debt has or has not been paid, but can only blame himself for not having taken his measures within the time directed by law; and it may be that the debtor may not be able to take any positive oath on the subject." LSA-C.C., Art. 3550.