REDMANN, Judge.
In 1954, in Davis v. Lewis & Lewis, 226 La. 1059, 78 So.2d 173, 174, the Louisiana Supreme Court commented on a plaintiff’s inability to obtain the name of an adjuster-represented insurance company: “To give the name of the liability insurance carrier should become the prevailing ethics.”
In 1974, the adjuster in this suit still refused to disclose the names of its insurers “and in the industry in whole, it’s generally assumed if the insurance company, the plaintiff’s attorney does not know the insurance company involved, that we don’t generally give him that information, that’s just readily available to the attorney to start with.”
Plaintiffs appeal from a judgment dismissing on an exception of prescription their action for personal injuries at an apartment complex. Plaintiffs filed suit on the last day of the tort-prescription year, against the wrong person as the owner of the apartment, an “undisclosed” insurer, and General Adjustment Bureau, Inc., alleged to be an insurer. Two months later, a supplemental petition named All-Star Insurance Corp. as the undisclosed insurer and added it as a defendant; and plaintiffs dismissed General Adjustment. Three months thereafter, a second supplemental petition named Unigard Mutual Ins. Co. as the undisclosed insurer and added it and the true owners of the apartment complex as defendants. Those new defendants filed the exception of prescription which was maintained.
General Adjustment Bureau was but an independent adjuster, who was handling plaintiffs’ claim for a principal whom it refused to disclose prior to suit. (Plaintiffs’ inquiry to the state insurance rating commission did not produce the insurer’s name, presumably because plaintiff inquired only for the insurer of “Parkchester Apartments.”) The adjuster was made a defendant because it refused to disclose its principal (though the petition does not set these facts forth). Once sued, the adjuster disclosed that its principal was All-Star (and plaintiffs therefore sued All-Star and dismissed the adjuster from the suit).
Up to this point, we deem this case substantially identical to Davis, supra. However, All-Star turned out to be the re-insurer, from whom plaintiffs finally learned that the insurer was Unigard. By the time Unigard was made a defendant, the adjuster had been dismissed from the suit. (The adjuster, incidentally, reported only to All-Star — the re-insurer — rather than Uni-gard.)
Unigard would distinguish Davis on the basis that, first, plaintiffs did not follow the Davis formulary of alleging it was suing the undisclosed insurer through the adjuster and, second, the adjuster had been voluntarily dismissed before Unigard was sued.
We deem the first ground a matter of vagueness of the petition, curable by amendment, C.C.P. 933. That plaintiffs did not clearly state the relationship of General Adjustment to the “undisclosed” insurer does not affect the prescription of their claim.
The second ground would ordinarily result in considering the interruption of prescription as “having never happened,” *755 C.C. 3519, after the dismissal of the adjuster (see Levy v. Stelly, La.App. 4 Cir. 1973, 277 So.2d 194, writ refused La., 279 So.2d 203). However, before that dismissal All-Star had been joined, and All-Star was acting for Unigard in managing the adjusting of Unigard’s materialized risk (which All-Star also re-insured). (All-Star itself, if only a re-insurer, is not liable to plaintiffs in a direct action; Fontenot v. Marquette Casualty, 1971, 258 La. 671, 247 So.2d 572). We therefore deem the principles of Davis equally applicable to make the continuance of the suit against All-Star a continuing interruption of prescription against Uni-gard.
Reversed; the exception of prescription is overruled.